**FILED**

**NOT FOR PUBLICATION**

FEB 16 2023

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SEAN ALAN O'BRIEN, | No. 20-16970 |
| Petitioner-Appellant, | D.C. No. 2:10-cv-02472-MCE-CKD |
| v. | |
| LELAND MCEWEN, Warden, Calipatria State Prison, | MEMORANDUM* |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Morrison C. England, Jr., District Judge, Presiding

Argued and Submitted February 7, 2023
San Francisco, California

Before: BYBEE and BUMATAY, Circuit Judges, and BENNETT,** District Judge.

Sean O'Brien was convicted of first degree murder in California. He commenced this federal habeas action in 2010 under the Antiterrorism and

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Richard D. Bennett, United States District Judge for the District of Maryland, sitting by designation.

Effective Death Penalty Act of 1996 (AEDPA). The district court denied his petition in 2014, ruling that California's denial of O'Brien's ineffective assistance of counsel claims was reasonable and merited deference under AEDPA. In 2015, we reversed the district court's judgement in part, finding that the state court's application of *Strickland* was objectively unreasonable because O'Brien established a colorable claim of relief and was never afforded a state or federal evidentiary hearing on the claim. Accordingly, we remanded for an evidentiary hearing with respect to several sub-claims of ineffective assistance of counsel. The district court held an evidentiary hearing and again denied O'Brien's petition.

O'Brien appeals, alleging that counsel was ineffective by failing to: (1) introduce evidence from Robert Gilmore that co-participant William Wellman was at the gun shop at 10:00 a.m.; (2) introduce Edward Winslow's testimony that O'Brien called the autoshop at 10:49 a.m.; (3) introduce Wellman's statements of O'Brien's phone usage and driving route on the day of the murder; (4) impeach Wellman on his changed time line; (5) introduce corroborating evidence that O'Brien was home at 11:14 a.m.; and (6) introduce evidence of Mike Carrick's ATM withdrawals on the days preceding the murder.

We have jurisdiction under 28 U.S.C. § 1291 and § 2253, and we review the district court's denial of habeas relief de novo. *Eslaminia v. White*, 136 F.3d 1234,

1236 (9th Cir. 1998). We review the district court's findings of fact for clear error. *Silva v. Woodford*, 279 F.3d 825, 835 (9th Cir. 2002).

To show ineffective assistance of counsel, O'Brien must demonstrate that counsel's performance fell below an objective standard of reasonableness and that he suffered prejudice as a result. *Strickland v. Washington*, 466 U.S. 668, 687–92 (1984). Under the performance prong, we ask whether counsel's decisions were reasonable from his perspective at the time, starting from the "strong presumption that counsel's conduct falls within the wide range of reasonable conduct." *Id*. at 689. O'Brien's "highly demanding" task is to show that the only objective explanation for his counsel's performance is "gross incompetence." *Kimmelman v. Morrison*, 477 U.S. 365, 382 (1986). Under the prejudice prong, O'Brien must demonstrate a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.

We affirm the district court's ruling. O'Brien has failed to satisfy either *Strickland* element.

Counsel's performance was objectively reasonable. He adequately investigated potential witnesses and formed an alibi defense with the information that was available. For example, counsel's decision to call Carl Christofferson

instead of Gilmore was objectively reasonable because Christofferson worked at the gun shop the day of the murder, and Gilmore's testimony did not corroborate O'Brien's alibi defense. Counsel's decision not to call Winslow as a witness was also reasonable because he assessed that Winslow would not be a credible witness, and Winslow could not pinpoint the time of O'Brien's phone call. Counsel followed through on his strategy to show Wellman was lying when he cross-examined Wellman about his plea bargain and argued during closing that the plea agreement gave Wellman a motive to lie.

    Neither can O'Brien demonstrate prejudice. The evidence adduced at the evidentiary hearing, had counsel introduced it at trial, would not have likely altered the verdict. The evidence against O'Brien was significant. O'Brien borrowed and later returned a shotgun with a missing shotgun shell that matched the type that killed victim Kyle Smelser. Two co-participants identified O'Brien as the shooter. O'Brien told his friend he had killed someone for a "wad of cash."

    For example, O'Brien was not prejudiced by his attorney's failure to introduce Carrick's phone record or ask Carrick about the 11:14 a.m. phone call. Carrick's phone record merely indicated an incoming call from an unknown phone number. O'Brien was not prejudiced by counsel's failure to reject Carrick's

blanket assertion of his privilege against self-incrimination because Carrick could assert his privilege in response to questions about the call.

Nor was O'Brien prejudiced by counsel's omission of Wellman's statements in Detective Hoagland's report, which related to O'Brien's phone usage and Wellman's travel route. Both statements fit well within the prosecution's case at trial. Lastly, O'Brien was not prejudiced by counsel's decision not to introduce evidence that Carrick made two ATM withdrawals on the days preceding the crime. How Carrick obtained money has little tendency to prove how O'Brien obtained money. There is no likelihood such evidence would have changed the outcome of trial.

O'Brien has thus failed to show that he received ineffective assistance of counsel.

**AFFIRMED.**